Argued February 11, affirmed March 18, 1959

# STATE OF OREGON *v.* TEAGUE

336 P. 2d 338

*James K. Gardner* argued the cause for appellant. On the brief were Gardner & Reeder, Hillsboro.

*David Robinson, Jr.,* Deputy District Attorney, Portland, argued the cause for respondent. On the

brief were Leo Smith, District Attorney, and George Van Hoomissen, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and LUSK, WARNER and SLOAN, Justices.

PER CURIAM.

These two cases are consolidated for this appeal. In each case the defendant appeals from a verdict of guilty and judgment thereon entered by the court. In the first case, No. 17262, defendant was charged with forgery. In the second case he was charged with uttering and publishing a forged check. The only issues presented by both appeals concern the proceedings preliminary to trial.

The defendant was originally indicted on October 31, 1957, for forgery. On December 5, 1957, a few days before trial was scheduled on that indictment, it was dismissed by the court on motion of the district attorney. On the same day, December 5, the grand jury returned the indictments now in question. The defendant contends that the court was without authority to dismiss the first indictment and to receive the later indictments by which he was tried and convicted; that as a consequence of this fault the defendant was not indicted within the next term of court after his arrest (ORS 134.110), nor tried within the next term after he was indicted (ORS 134.120). The issues presented have been so conclusively decided contrary to defendant's contentions as to require no further discussion. *State v. Reinhart,* 26 Or 466, 38 P 822, thoroughly considers and decides the authority of the court to dismiss and resubmit to the grand jury. *State v. Kuhnhausen,* in the opinion on rehearing, 201 Or 478, 506, 266 P2d 698, 272 P2d 225, exhaustively treats

the power of the trial court to continue a criminal case from one term of court to another. There is no basis in this case to hold that the trial court abused its discretion or failed in any particular to afford defendant fair and speedy trials.

■ The other issues presented require no mention except the duration of the respective sentences. In the first case the court imposed a sentence of twelve years. In the second case the court imposed a sentence of three years to begin at the expiration of the sentence already imposed. We are asked to hold that these sentences are so excessive as to violate § 16, Art 1, of the Constitution of Oregon. The record indicates that the defendant had not previously had a substantial criminal record. There is little to indicate why the trial judges imposed sentences of this severity in view of the nature of the crime and the prior conduct of the defendant.

We cannot, however, impose our judgment on the trial court. *State Boloff,* 138 Or 568, 646, 4 P2d 326, 7 P2d 775. The sentence is not one which is "so proportioned to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances." *Sustar v. County Court of Marion County,* 101 Or 657, 665, 201 P 445. We could not attempt to determine what prompted the court in the first instance to impose the seemingly lengthy sentence of twelve years. We are obliged, however, to suggest that the only recourse now available lies with the Chief Executive or State Board of Parole and Probation. If the facts of the case and conduct of the defendant warrant undoubtedly that body will provide suitable relief.