Argued October 31, affirmed December 12, 1969, petition
for rehearing denied February 3, 1970. Petition for
review denied by Supreme Court
April 21, 1970

# STATE OF OREGON, *Respondent, v.*
# DANA EILEEN TUCK,
*Appellant.*
462 P. 2d 175

*Robert M. Gordon,* Corvallis, argued the cause and filed the briefs for appellant.

*Frank D. Knight,* District Attorney, Corvallis, argued the cause and filed the brief for respondent.

BRANCHFIELD, J.

This is an appeal from conviction on the dual charges of illegal possession of narcotics and illegal possession of a dangerous drug.

The defendant and three other young women were living in a small house in Corvallis, Oregon. The police had a warrant for the arrest of the defendant and had gone to the house to place her under arrest. The officers knocked on the door and were admitted by the defendant. She was immediately placed under arrest and one officer picked up a small jewel box from a television set just inside the door. The defendant grabbed for the box and said, "Give it to me, it's mine." In the false bottom of the jewel box the policeman found four marihuana cigarettes and a powder fold containing methamphetamine.

As her first assignment of error, the defendant asserts that the court erred in denying her motion for a directed verdict of acquittal at the completion of the state's case. She argues there is no evidence that the defendant knew there was marihuana or methamphetamine in the house at the time of her arrest but even if she did know that such drugs were there, that there was no evidence that she had or exercised control over them.

In *State v. Williams*, 117 Or 238, 243, 243 P 563 (1926), the court said:

> "If there were any fact or circumstance from which the jury could have drawn a reasonable inference that defendant was exercising some control, dominion or ownership over the intoxicating liquor, it would have been a question of fact for the determination of the jury; * * *."

The defendant's assertion of ownership of the jewel box and her attempt to retake it from the officer were sufficient circumstantial evidence of her knowledge and control to warrant denial of her motion for acquittal. We cannot grant a new trial for insufficiency of the evidence unless we can affirmatively say there was no substantial evidence to support the verdict. *State v. Gardner,* 225 Or 376, 379, 358 P2d 557 (1961). The trial court correctly permitted this case to go to the jury for its determination.

On the charge of possession of marihuana, the court suspended imposition of sentence and placed the defendant on probation for five years subject to certain conditions, including the requirement that she serve one year in the Benton County jail and that her probation officer be permitted to visit her at her place of abode at any time of the day or night. On the charge of possession of methamphetamine, the defend-

ant was sentenced to serve six months in the Benton County jail, concurrent with the other sentence. The defendant claims the punishment is out of proportion to the offense committed and that the judgment of the court is in violation of the Oregon Constitution, Art I, §§ 15 and 16. The order and sentence were within the statutory authority of the court, and we will not substitute our judgment for that of the trial court. *Sobota v. Williard,* 247 Or 151, 153, 427 P2d 758 (1967), *State v. Teague,* 215 Or 609, 336 P2d 338 (1959).

The trial court is authorized by ORS 137.540 to impose conditions in granting probation. The conditions imposed here appear to us to be reasonable and in the defendant's own interests. The sentence is not such "as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances." *State v. Teague,* supra.

In her reply brief, for the first time, the defendant argues that the objects seized in this case should be excluded from consideration as evidence. This belated claim is based upon *Chimel v. California,* 395 US 752, 89 S Ct 2034, 23 L Ed2d 685 (1969), which held invalid a search incident to arrest. She argues that *Chimel* enunciates a newly pronounced principle of constitutional law and that it should be operative with respect to all cases being tried or upon direct appeal at the time that decision was handed down.

The state counters by saying that *Chimel* should not have retrospective application. See *Desist v. United States,* 394 US 244, 89 S Ct 1030, 22 L Ed 2d 248 (1969), for the tests to be used in determining whether to grant retrospective application.

*Chimel* has been held not to be retroactive in sev-

eral recent cases: *Jordan v. United States,* 416 F2d 338 (9th Cir, 1969); *Lyon v. United States,* 416 F2d 91 (5th Cir, 1969); *United States v. Bennett,* 415 F2d 1113 (2d Cir, 1969); *Prater v. Mancusi,* 5 Crim L Rptr 2365 (SDNY 1969); *People v. Castillo,* 274 Cal App 2d 508 (1969), 80 Cal Rptr 211, 5 Crim L Rptr 2365; *Scott v. State,* 7 Md App 505, 256 A2d 384, 5 Crim L Rptr 2426 (1969). Contra, in *Fresneda v. State,* Alaska, 458 P2d 134 (1969), the court announced that it would apply *Chimel* to all cases pending before that court on the date *Chimel* was decided.

■ It is not necessary for us to decide in this case whether *Chimel* should be applied to cases arising prior to June 23, 1969. The house in which the defendant was arrested was small, having formerly been a one-car garage. The jewel box containing marihuana and methamphetamine was not concealed, but was plainly visible on top of a television set within reach of the defendant and the arresting officer. In *Chimel,* 23 L Ed2d at 694, the court said:

"\* \* \* There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."

Here, the search and seizure were proper.

The judgment is affirmed.