Argued June 17, affirmed August 6, petition for rehearing denied
September 8, petition for review denied October 13, 1970

STATE OF OREGON, *Respondent, v.*
MICHAEL PHILLIP SHAW, *Appellant.*

473 P2d 159

*Ken C. Hadley*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

Defendant was charged with burglary not in a dwelling. He pleaded not guilty, was found guilty by a jury and sentenced to imprisonment. This is an appeal from that conviction.

On April 23, 1969, as Linn County Deputy Sheriff Warren Cooper approached the town of Scio at approximately 3:45 a.m., he noticed a car on the main street of Scio. A light rain was falling. Cooper could not at first tell whether the car was moving, then a moment later saw that it was. He followed it, and about a mile from Scio stopped it because it had no license plate light. The defendant was a passenger in the car, and both he and the driver, Robert William Paola, produced valid driver's licenses upon Cooper's request. He ascertained that neither was wanted by police but detained them for some minutes questioning them. Finally, having no reason to arrest them, he allowed them to proceed. He followed them to the Marion County line, then returned to Scio. The rain

made visible one set of tire tracks leading away from the Scio drug store, so he immediately went to the store. He found that the door had been forced open. He radioed his office and asked for detectives to come and assist him. Detectives came to the drug store and the owner was called. When the owner arrived he made an inventory and reported that several bottles of drugs were missing, along with other items. The detective recognized the name of Paola as a known burglar and narcotics addict. He radioed the sheriff's office and asked that Marion County police arrest the defendant and Paola for burglary.

The description of the car and the names of defendant and Paola were transmitted to Marion County Deputy Sheriff Ronald G. Freshour, who was on patrol in northern Marion County. He was instructed to arrest the men. Freshour went to the freeway where he saw the described vehicle and stopped it. He was told over his radio that the men were possibly armed and to approach with caution, although it developed that neither Paola nor the defendant was armed. When he stopped the car, which defendant was then operating, Freshour approached the right side of the car with shotgun in hand while a city of Woodburn policeman approached the left side with drawn pistol. The two occupants of the car were told to keep their hands in sight and to get out of the car. They left the car, with Paola leaving open the front door on the passenger's side. The officers frisked the two men for weapons, then Deputy Freshour looked in the open front door and observed a brown satchel on the floor of the front seat. The satchel was open and in the satchel he observed some bottles which appeared to him to be drug bottles and he connected this with the drug store burglary which had been reported to

him earlier over his radio. He took possession of the satchel and its contents, and told both men they were under arrest for possession of narcotics or drugs. While defendant disputes some of the recited facts, there was substantial evidence from which the jury could have made such findings.

■ The defendant assigns as error the denial of his motion to suppress from evidence the satchel and its contents. He argues that the arrest was without probable cause and that therefore the seizure of. the evidence was invalid. It is his position that the question of whether probable cause existed must be determined at the time Officer Freshour stopped the car containing defendant. We agree. Both arresting officers approached the car with their guns drawn and Officer Freshour testified that neither defendant nor Paola was free to leave. The officer had an exact description of the car he stopped and he intended to stop that car, knowing who its occupants were.

The circumstances must be examined to determine whether there was probable cause for arrest. At 3:45 a.m., with no other traffic on the streets, Deputy Cooper saw defendant's automobile stopped or moving slowly in the business district of Scio. There was no other car or person on the streets of Scio. A light rain had just begun. When the deputy stopped the car a few moments later, he noticed that the defendant was "scared white" and Paola was sweating and nervous. Defendant kept his hands beneath his topcoat, causing Cooper to suspect that he was armed. Paola gave an improbable reason for being in Scio, saying he had made a wrong turn off the highway trying to go from Portland to Monmouth. After the men were allowed to go on their way, Cooper returned

to Scio and saw automobile tracks, fresh due to the new rain, leading from the curb in front of the drug store. The drug store had been jimmied open by an expert and drugs had been stolen. Paola was known to the police as a drug addict and drug store burglar.

Sufficiency of facts to constitute probable cause for arrest must be assessed on a case by case basis. See *State v. Cloman,* 254 Or 1, 456 P2d 67 (1969). That standard was met in this case. While Deputy Freshour may not have had all of the information possessed by Linn County officers and perhaps even by his own dispatcher at the time he stopped the car, the information known collectively to the various officers participating in the case constituted probable cause to believe that defendant and Paola had burglarized the drug store.

■ Probable cause to arrest is the sum total of information and the synthesis of what the police have heard, what they know and what they observe as trained officers:

"\* \* \* [P]robable cause is to be evaluated by the courts on the basis of the collective information of the police rather than that of only the officer who performs the act of arresting." *Smith v. United States,* 358 F2d 833, 835 (1966), cert den 386 US 1008, 87 S Ct 1350, 18 L Ed 2d 448 (1967).

See also *United States v. Pitt,* 382 F2d 322, 324 (1967); *Moreno-Vallejo v. United States,* 414 F2d 901, 904 (1969). There was clearly reasonable ground for suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the defendant and his companion had committed a crime. *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970). There was probable cause for

the arrest, and probable cause to search for and seize the evidence of the burglary.

Defendant also argues that the search was too broad in scope under the after-decided case of *Chimel v. California*, 395 US 752, 89 S Ct 2034, 23 L Ed 2d 685 (1969). Whether or not *Chimel* is retroactive, (Cf *State v. Tuck*, 1 Or App 516, 462 P2d 175 (1969) Sup Ct *review denied* (1970)), nothing in that opinion narrows the scope of search so as to bar seizure of contraband items visible from outside an automobile incident to a lawful arrest of its occupants. *State v. Keith*, supra, 2 Or App 133.

Affirmed.