Argued August 20, affirmed September 23, reconsideration denied
October 30, petition for review denied November 26, 1974

STATE OF OREGON, *Appellant, v.* CHARLENE
LORRAINE MICKELSON (C74-01-0152),
*Respondent.*

526 P2d 583

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Eugene L. Parker,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

Defendant was indicted for criminal activity in drugs (possession of amphetamine sulfate). Her motion to suppress amphetamine tablets seized by the arresting officer was granted by the trial court and the state appeals. We affirm.

On January 17, 1974, narcotics officers executed a warrant to search an apartment and the person of a named tenant other than the defendant, for heroin. Defendant, along with others, was on the premises when the warrant was executed. She was held in the living room by Sergeant Johnson while other officers searched the rest of the apartment.

Deputy Chaney searched the rear bedroom. There he found a bank savings account passbook, correspondence and other items of personal property belonging to defendant. He then found various narcotics paraphernalia, "hashish pipes" and a vial of hashish oil in the same room.

Sergeant Johnson went to the back room during the course of Deputy Chaney's search. Granting to the state the most favorable inferences supported by the record, we conclude that he learned of the items linking defendant to the room but that he was not informed of the hashish oil and paraphernalia because it had not yet been found. He then returned to the living room and searched defendant's purse for heroin. Instead, he found several amphetamine tablets and arrested defendant for their possession.

The trial judge, on granting defendant's motion to suppress, held that there was no probable cause to arrest and search because the discovery of the personal property of the defendant did not constitute probable cause to believe that defendant resided in the rear bedroom and, consequently, did not constitute probable cause to believe she was in constructive possession of the hashish oil. The state contends that the discovery of evidence connecting defendant with one of the rooms in which narcotic drugs were found constitutes probable cause for arrest and search and that, therefore, the court erred in allowing defendant's motion.

Probable cause exists where circumstances would justify a well-warranted suspicion that the person to be arrested or searched has committed a crime. *State v. Murphy,* 2 Or App 251, 465 P2d 900, *rev den, cert den* 400 US 944 (1970); *State v. Keith,* 2 Or App 133, 465 P2d 724, *rev den* (1970). The finding, in this case, of defendant's personal property in the same room as the hashish oil was sufficient to constitute probable cause to connect that person to the contraband. *Cf. State v. Garrett,* 7 Or App 54, 489 P2d 994, *rev den* (1971).

 To conclude that circumstances constituting probable cause existed, however, is not dispositive here. Sergeant Johnson did not have knowledge of Deputy Chaney's discovery of the hashish oil in the rear bedroom at the time he searched defendant and Deputy Chaney's knowledge cannot be imputed to him. To hold the search in this case justified would encourage police officers to search on the hope that the total knowledge of all those officers involved in a case will later be found to constitute probable cause if the search is challenged. We think it better to require that an arresting officer reasonably believe that his fellow officers have probable cause before he arrests or searches on the basis of their knowledge.

Our declination to impute Deputy Chaney's knowledge to Sergeant Johnson is consistent with our holding in *State v. Shaw,* 3 Or App 346, 473 P2d 159 (1970), that probable cause to arrest must be evaluated on the basis of the collective information of the police rather than that of only the arresting officer. Cases in which courts have adhered to this principle are those where the arresting officer acted with an awareness or reasonable belief that fellow officers have information sufficient to constitute probable cause. *See,* e.g., *Moreno-Vallejo v. United States,* 414 F2d 901 (5 Cir 1969), *cert den* 400 US 841 (1970); *United States v. Pitt,* 382 F2d 322 (4 Cir 1967); *Smith v. United States,* 358 F2d 833 (DC Cir 1966), *cert den* 386 US 1008 (1967). These courts recognize that effective law enforcement often requires police officers to work as a single unit. A police officer working in a team or in a modern police organization is entitled reasonably to arrest or search on the command or summary information of another officer. But somewhere in joint police action there must be a nexus be-

tween the probable cause and the invasion of privacy, between the justification and the act.

We conclude, therefore, that the discovery by Deputy Chaney of defendant's personal property in the same room as the hashish oil, unknown to Sergeant Johnson, did not constitute probable cause for Sergeant Johnson to arrest and search the defendant.[1]

Affirmed.

---

[1] Whether a search warrant for premises authorizes a search of the persons within those premises is an issue which was not asserted here or below and consequently we do not decide it.