236

Argued July 21, affirmed August 4, reconsideration denied September 17, petition for review denied October 14, 1975

## STATE OF OREGON, *Respondent, v.* LONNIE ONEL PASCHALL (No. C 74-11-3404 Cr), *Appellant.*

538 P2d 366

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas II. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was convicted of criminal activity in drugs, furnishing amphetamine sulfate, ORS 167.207, and received a four-year sentence. He contends that he was arrested without probable cause and that the trial court erroneously failed to grant his motion to suppress the identified $20 bills seized by the police from his billfold at the time of the arrest.

Several officers were cooperating in order to make a narcotics buy at a house on 85th and Woodstock in Portland. It was understood that an officer with identified money would enter the house to make the purchase. A person at the house would take the money, go by car to another house, procure the drugs and transport them back to the 85th-and-Woodstock house.

Pursuant to plan, Officer Byler entered the 85th-and-Woodstock house with five identified $20 bills with which to purchase amphetamine tablets. About ten minutes later two persons left the house and were followed directly to defendant's house. They met defendant outside his house, spoke briefly, went into his house with him, came out in about five minutes and left, presumably for the 85th-and-Woodstock house. After the car left his house, defendant came out, went to his car in the driveway, and appeared to be about to leave when two of the cooperating officers, Officers Chaney and Muncey, who were privy to, and had

been observing the planned operation, arrested defendant. They entered his house with him, gave him *Miranda* warnings, searched him and found the five $20 bills.

■ Defendant contends that the officers did not have probable cause to make the arrest because, at most, they had a mere suspicion that defendant had some connection with the sale of amphetamines. We disagree.

■ Probable cause is the existence of circumstances which would lead a reasonably prudent person to believe in the guilt of the arrested individual. As we said in *State v. Mickelson*, 18 Or App 647, 650, 526 P2d 583, Sup Ct *review denied* (1974):

> "* * * [P]robable cause to arrest must be evaluated on the basis of the collective information of the police rather than that of only the arresting officer. * * *"

Collective information was shared before the arrest by the five police officers engaged in this operation. Officer Runnels knew defendant, having seen him at least two dozen times prior to then. Officer Runnels testified:

> "Q Did you in any way convey this information that you had that the subject, whoever he was, contacted a person who you know to be Lonnie Paschall?
>
> "A Yes I did.
>
> "Q How did you transmit that communication to anybody?
>
> "A That information was put out over the air to the other vehicle involved in the surveillance.
>
> "Q Who was—what other officer?
>
> "A Sergeant Chaney [arresting officer], Deputy Van Dyke also observed what I have just discussed, Deputy Muncy [arresting officer], Ser-

geant Vic Calzaretta from the Clark County Sheriff's Office. There were five of us, total.

"Q Prior to the time you went out with Mr. Byler to make the buy was each of you aware of the purpose of this trip?

"A Yes, sir, we were."

The police had the following collective knowledge: information concerning the procedure being followed for the prearranged sale, their observation of the conversation between defendant and the go-between, the five-minute entry of defendant and the go-between into the house, the presumed return journey of the go-between, the reappearance of defendant about to leave. •We conclude the synthesis of this information gave the arresting officers cause to believe the sale of drugs had occurred, that defendant was the seller, and that the identified $20 bills would be found on defendant's person. The arrest and search of the defendant was supported by a well-warranted suspicion that defendant had furnished dangerous drugs as charged. *State v. Keith*, 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970).

Affirmed.