*[287]
 
 LEE, J.
 

 Convicted of having unlawfully and knowingly possessed a dangerous drug in violation of ORS 167.207, defendant appeals assigning as error the court’s refusal to suppress evidence obtained by the state in the course of what is alleged to have been an "unreasonable” search, undertaken without "probable cause.”
 

 On the morning of September 1, 1976, one Lionel Irving was taken into custody by Officers Larkin and Falkner of the Portland Police Bureau on two outstanding misdemeanor warrants. A search of his person conducted at that time revealed him to be in possession of small quantities of Valium and Ritalin, drugs which may not lawfully be acquired without a prescription. As a result of that discovery Irving was, upon his arrival at police headquarters in the company of Larkin and Falkner, subsequently interviewed by Officer Burger of the Bureau’s narcotics detail. In the course of that interview Irving suggested to the officers that if they would refrain from booking him at that time he would be willing to identify and lead them to the individual from whom he had unlawfully obtained the Ritalin found in his possession. Without delineating the facts upon which his conclusion was based, Officer Burger, who had successfully employed Irving as an informant on a prior occasion and had been told by other narcotics officers of his use as an informant, indicated to Officers Larkin and Falkner, as arresting officers the individuals who would ultimately decide whether a "deal” would be made, that they might regard Irving as a source of reliable information.
 
 [1]
 
 An agreement was then reached among
 
 *[288]
 
 the parties; as a result Irving disclosed that he had purchased the Ritalin earlier that day from an individual known as "James” in a transaction which took place in the vicinity of Mississippi and Shaver Streets, and that "James” was in possession of an additional amount of Ritalin which he was carrying in his right front pants pocket.
 
 [2]
 
 Shortly thereafter Irving was transported to the comer of Mississippi and Shaver by Officers Larkin and Falkner where he pointed out defendant as the individual from whom he had acquired the Ritalin; defendant was immediately arrested, searched, and found to be in possession of a quantity of Ritalin tablets.
 

 On appeal, defendant contends that because the "tip” furnished by Irving was not adequate to provide Larkin and Falkner with "probable cause” to believe that he had in fact committed a crime, the arrest and search which produced the drugs in his possession were themselves unlawful. More specifically it is argued that the information provided by Irving could not have been relied upon by Larkin and Falkner to establish probable cause for the reason that under the circumstances they had no reason to believe that Irving was, in fact, a credible informant.
 

 As this court recognized in both
 
 State v. Mickelson,
 
 18 Or App 647, 526 P2d 583, Sup Ct
 
 review denied
 
 (1974), and
 
 State v. Shaw,
 
 3 Or App 346, 473 P2d 159, Sup Ct
 
 review denied
 
 (1970), "probable cause” is to be
 
 *[289]
 
 evaluated on the basis of the collective information of the police rather than that of only the officer who effects the arrest
 
 as long as
 
 the arresting officer actually acted with an awareness or reasonable belief that fellow officers had information which, either taken alone or in conjunction with the knowledge possessed by the arresting officer, was sufficient to establish probable cause. Having communicated with Officer Burger and been informed that Irving was a reliable informant, Officers Larkin and Falkner were entitled to act on that information on the assumption that Burger was aware of facts in support of his conclusion. The information provided by Burger, summary as it was, nonetheless constituted an essential link which brings the facts known by him into the pool of collective information to which we must look in determining whether the action of the arresting officers was in fact based upon a reliable tip furnished by a credible informant. Taken together the facts known collectively to Officers Larkin, Falkner, and Burger were, we find, sufficient to have established Irving’s credibility; the arrest and search of defendant were, therefore, based upon "probable cause.”
 

 Affirmed.
 

 [1]
 

 At the suppression hearing Officer Burger testified that he had, in addition to telling Larkin and Falkner that Irving was reliable, also informed them of his prior service as an informant. Officer Larkin testified that while he recalled Burger telling him in effect that Irving was reliable he could not specifically recall the specific content of Burger’s comments; at an earlier hearing Larkin had testified that Burger had reoí told him of any
 
 *[288]
 
 prior contacts with Irving. Officer Falkner did not testify. Faced with this testimony the court below specifically found that Burger had informed Larkin and Falkner that Irving was reliable
 
 without
 
 relating to them any of the facts upon which his conclusion was based. We are bound by that finding.
 
 Ball v. Gladden,
 
 250 Or 485, 443 P2d 621 (1968).
 

 [2]
 

 Based upon the physical description of "James” provided by Irving, Officer Burger deduced that the individual involved was the defendant, known by him to frequent the Mississippi-Shaver area and to have previously been arrested for the sale of Ritalin. Shown photographs of defendant and three others by Burger, Irving did in fact identify defendant as the individual with whom he had dealt. The record does not indicate and the court below did not find, however, that this information, known to Burger, was passed on to Larkin and Falkner.