Argued and submitted July 13, reversed and remanded October 3, reconsideration denied November 28, 1990, petition for review denied January 3, 1991 (311 Or 60)

# STATE OF OREGON,
*Appellant,*

*v.*

# RUSSELL PORTER WALSH,
*Respondent.*

(T5490B; CA A63162)

798 P2d 262

Jas. Adams, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Carol E. Jones, Hillsboro, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

In this DUII case, the trial court granted defendant's motion to suppress evidence obtained after his vehicle was stopped by police. We reverse.

On September 12, 1989, an identified informer called the police to report that he had observed an older man in a certain Safeway store parking lot who appeared to be so drunk that he could hardly stand. The informer reported that the man got into a large grey car and drove east on "T.V. Highway." The dispatcher relayed the information to Officer Welch, but did not relay the fact that the identity of the informer was known. Welch drove to the area and found defendant in a large gray Cadillac parked in a driveway connecting two parking lots adjacent to the highway.[1] He was slumped slightly to the side of the steering wheel.

Defendant was charged with driving under the influence of intoxicants. ORS 813.010. He moved to suppress the evidence obtained after his vehicle was stopped on the ground that Welch did not have sufficient facts upon which to base a reasonable suspicion that defendant had committed a crime.[2] The trial court granted defendant's motion, and the state appeals.

A police officer may stop a person if the officer "reasonably suspects," under the totality of the circumstances, that the person has committed a crime. ORS 131.615(1); ORS 131.605(4); *State v. Black*, 80 Or App 12, 15, 721 P2d 842 (1986). The issue is whether a tip from an identified informer can form the basis for reasonable suspicion when the officer making the stop is not aware that the informer was identified.[3] The state argues that the information possessed *collectively* by

---

[1] The trial court found that the officer found defendant parked in the lot of a medical facility. The only evidence presented in the hearing was that defendant was parked in a driveway connecting two parking lots.

[2] Defendant does not raise the issue of whether there was a "stop." The state assumes, for purposes of this appeal, that defendant was stopped when Welch approached the vehicle.

[3] An informant's tip may form the basis for reasonable suspicion if it has some indicia of reliability. *State v. Black*, 80 Or App 12, 19, 721 P2d 842 (1986). The tip in this case was voluntarily initiated and was based on the personal observation of an identified informant. That kind of tip is presumptively reliable. *State v. Faulkner*, 89 Or App 120, 123, 747 P2d 1011 (1987).

the dispatcher and Welch was sufficient to establish a reasonable suspicion that a crime had been committed. Defendant contends that the arresting officer had insufficient facts to establish a reasonable suspicion.

██ The correct inquiry is "whether the information possessed collectively by the [officer] and the dispatcher gave rise to a reasonable suspicion that defendant had committed a crime." *State v. Black*, 80 Or App 12, 16, 721 P2d 842 (1986). The trial court interpreted the phrase "information possessed collectively" to mean that the officer, himself, must have enough facts upon which to base a reasonable suspicion. That interpretation is overly restrictive. The Supreme Court recently affirmed the principle that the knowledge of police officers may be combined to establish probable cause to arrest. *State v. Pratt*, 309 Or 205, 216, 785 P2d 350 (1990) *(citing with approval State v. Porter*, 31 Or App 285, 288-89, 570 P2d 396 (1977)). An officer who does not personally have probable cause to make an arrest nonetheless may arrest the suspect if the officer reasonably believes that other officers requesting the arrest do have probable cause and if probable cause to arrest actually exists. *State v. Pratt, supra*, 309 Or at 216. If the collective knowledge of law enforcement officials can establish probable cause, it can establish the lower standard of reasonable suspicion.

Reversed and remanded.