Submitted July 9, affirmed August 20, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL LOREN RADFORD,
*Defendant-Appellant.*

Crook County Circuit Court
04FE0193; A133584

191 P3d 776

Thomas A. Hill filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

## SCHUMAN, J.

Defendant was convicted of several crimes involving the manufacture and possession of a controlled substance. He assigns error to the trial court's denial of his motion to suppress the evidence on which the charges were based, arguing that the evidence resulted from an unlawful stop. In particular, he contends that the officer who stopped and subsequently arrested him did not himself have probable cause to do so and had not received information directly from another police officer who did; rather, that officer who executed the stop heard about probable cause from intermediary officers who had obtained the information from yet another officer. Such third-hand information, defendant contends, does not qualify as probable cause under the so-called "collective knowledge doctrine." The state argues that it does. We agree with the state and therefore affirm.

■       The relevant facts are undisputed. Detective Wiles of the Crook County Sheriff's Office had probable cause to believe that defendant was traveling in a motor home that the detective characterized as a "rolling meth lab." Wiles conveyed his belief to Oregon State Troopers Wagner and Vaughn. Wagner and Vaughn, in turn, conveyed that information—Wiles's belief that he had probable cause to arrest defendant for driving a vehicle containing contraband—to Oregon State Trooper Hampton, although they did not relate the basis of Wiles's belief. Based on that information, Hampton stopped defendant's vehicle. As a result of that stop, the disputed evidence was subsequently discovered. The only issue on appeal is whether Hampton's third-hand information that another officer had probable cause to arrest defendant permitted Hampton himself to effect the arrest by stopping him.

■■       The collective knowledge doctrine, also known as the fellow-officer rule, adds a gloss to the well-settled rule that probable cause to execute an arrest requires both a subjective and an objective component:

> "An officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances."

*State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). By virtue of the collective knowledge doctrine, however,

> "[a] peace officer who does not himself have probable cause to arrest a felony suspect nonetheless may arrest the suspect if he *reasonably* believes that the officer or officers who have requested the arrest do have probable cause to make that arrest and if probable cause to arrest does, in fact, exist."

*State v. Pratt*, 309 Or 205, 216, 785 P2d 350 (1990) (emphasis in original). Defendant contends that, in order for the knowledge of one officer to be attributed to another officer, the second officer must receive the knowledge directly, that is, without any intermediary officers. Second-hand knowledge of probable cause, defendant argues, is sufficient; third-hand knowledge is not.

Defendant relies primarily on the following language from *State v. Groda*, 285 Or 321, 324, 591 P2d 1354 (1979):

> "We understand [the collective knowledge rule] to be that the searching officer personally must have information which constitutes probable cause, or the searching officer must be directed to make the search by *an officer who personally has that knowledge*. It is sufficient if the officer making the search on his own knowledge has secured the knowledge from another officer."

(Emphasis added.) *Groda*, however, did not deal with the collective knowledge doctrine that the court subsequently developed in *Pratt* and *State v. Soldahl*, 331 Or 420, 15 P3d 564 (2000). *Groda* dealt with *facts* that one officer communicates to another; the doctrine as developed in *Pratt* and *Soldahl* deals with legal conclusions (*i.e.*, the existence of probable cause) communicated from one officer to another, without the necessity of conveying the first officer's factual basis. Further, the court in *Groda* did not have to confront, and did not confront, the question presented in this case: whether the arresting officer may acquire knowledge from an officer who himself acquired it only from a third officer with actual knowledge.

■■ In light of more recent elaborations of the collective knowledge doctrine, we conclude that the arresting officer

need not learn of the existence of probable cause directly from the officer who has knowledge of the facts establishing that probable cause. As the court explained in *Soldahl*, "[t]he collective knowledge doctrine focuses on the shared knowledge of the police *as a unit*," and "[a]s a unit, *officers* may direct one another to carry out lawful police activities." 331 Or at 427, 428 (emphases added). In *Pratt*, the court quoted with approval our opinion in *State v. Porter*, 31 Or App 285, 288-89, 570 P2d 396 (1977): "[P]robable cause 'is to be evaluated on the basis of the collective information of the police.'" *Pratt*, 309 Or at 216.

■        Further, nothing in the rationale underlying the doctrine would suggest that it applies only to direct, one-to-one communication. "Officers must be able to rely on such messages from fellow officers elsewhere in order to counteract the high degree of mobility criminals enjoy in this society." *Pratt*, 309 Or at 217. Conversely, because the information conveyed in this case was so simple—"Officer X has probable cause to arrest suspect Y"—there was little or no danger that multiple recitations would distort the message.

        In the present case, the information conveyed from Wiles to Wagner and Vaughn, and then to Hampton, falls within the collective knowledge doctrine. Further, it is undisputed that the second component of the doctrine—that probable cause did, in fact, exist—was also established. The trial court did not err in denying defendant's motion to suppress.

        Affirmed.