Argued and submitted December 24, 1987, reversed and remanded for new trial
June 22, 1988

STATE OF OREGON,
*Respondent,*

*v.*

WALTER C. CRAWFORD,
*Appellant.*

(C86-08-33957; CA A43474)

756 P2d 68

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Martin C. Dolan, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph,* Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

---

* Joseph, Chief Judge, *vice* Young, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for robbery in the first degree. ORS 164.415. He contends that the trial court erred in denying his motion to suppress evidence seized during a search incident to his arrest and the statements he made to police. The dispositive issue is whether the state carried its burden of proving that the police had probable cause to arrest defendant. We conclude that it did not and reverse.

On July 22, 1986, Detective Carter sent officers Butler and Madison to arrest defendant. Two named informants had told Carter that defendant had been involved in a burglary unrelated to the present conviction. Defendant was arrested and searched incident to his arrest. The officers seized a money clip and a piece of jewelry. Defendant was taken to the police station, where Detective Mischke advised him of his *Miranda* rights. Defendant responded that he understood his rights and agreed to talk.

About an hour earlier, an anonymous caller had told police that defendant had been seen driving a car that had been stolen in a robbery the evening before. During a break in the conversation with defendant, Mischke obtained a report concerning the robbery. He telephoned the victim and asked him to come to the station to identify the money clip. Mischke returned to defendant and asked him if he remembered his rights. Defendant said that he did and that he was still willing to talk. Mischke told defendant that the robbery victim was coming to the station to look at the clip and at defendant and that it would be in his best interest to tell Mischke about the robbery. Defendant made the statement about the robbery which he now seeks to suppress.

At the suppression hearing, the state's only witness was Mischke. He testified that, about one week earlier, he and Carter had discovered credit cards in an apartment not linked to defendant. Carter learned the next day that the credit cards had been stolen in a burglary. Mischke testified that Carter continued to investigate the burglary and that Carter told him that he had interviewed two named informants who linked defendant to the burglary. Those two informants were later charged in the burglary. Mischke also stated that, at the time when Butler and Madison arrested defendant, they did not

know the information on which Carter based his determination that there was probable cause to arrest defendant, that they made the arrest pursuant to Carter's order and that they did not know that defendant was suspected of being involved in a robbery.

The trial court found that the arresting officers were aware that Carter possessed knowledge of certain facts which led him to believe that he had probable cause to arrest defendant. It also found that Mischke's testimony established that two named informants had connected defendant to the burglary, which Mischke knew had occurred. The court denied defendant's motion to suppress.

Defendant first contends that the state did not establish that there was probable cause to arrest him and that, therefore, the arrest, the products of the search and his subsequent statements should have been suppressed. The state argues that, taking all the collective information that the officers had into account, there was probable cause for defendant's arrest.

■ An officer may arrest without a warrant if the officer has probable cause to believe that a person has committed a felony. ORS 133.310(1)(a). An officer has probable cause when he has a substantial objective basis for believing that, more likely than not, an offense has been committed and that the person to be arrested committed it. ORS 131.005(11); *State v. Cole/Hood,* 87 Or App 93, 97, 741 P2d 525, *rev den* 304 Or 280 (1987). The officer making the arrest need not know all of the information necessary to establish probable cause. However, he must reasonably believe that fellow officers have probable cause before making an arrest based on their knowledge. In evaluating whether probable cause to arrest exists, we look to the "collective information of the police rather than that of only the arresting officer." *State v. Paschall,* 22 Or App 236, 238, 538 P2d 366, *rev den* (1975), *State v. Mickelson,* 18 Or App 647, 650, 526 P2d 583, *rev den* (1974).

The arrest in this case was based, not on information possessed by the arresting officers, but on Carter's order. Therefore, probable cause to arrest depends upon whether Carter had sufficient knowledge to form a substantial objective basis for believing that, more likely than not, an offense had been committed and that defendant had committed it.

Mischke, the state's only witness at the hearing, was neither the arresting officer nor the officer who possessed the knowledge that the state argues supports probable cause. Thus, the issue is whether Mischke presented sufficient evidence to establish, by a preponderance of the evidence, that Carter had probable cause to have defendant arrested.

■■ When a defendant challenges a probable cause determination, the trial court must make an independent determination based on the testimony presented at the hearing. The record shows that Carter had a substantial objective basis for believing that a burglary had been committed and that Mischke was aware of Carter's knowledge about that. However, Mischke's only testimony regarding how Carter determined that he had probable cause to believe that it was defendant who committed the burglary was that Carter had told him that two informants had implicated defendant in the burglary. The state did not present any information about the content of the tips or how Carter used them to reach his conclusion. If Carter did have probable cause, the state failed to present the evidence on which he based his determination. The trial court had only the hearsay testimony of one officer repeating the conclusions of another officer.

The state argues that police are permitted to rely on each other's information and that probable cause is to be determined on the basis of the collective information of all of the officers. Thus, it argues, it should not have to go back to each officer and present all of each officer's evidence on each issue. In this case the state did not present any evidence from any officer who had information on which the probable cause determination was based. Mischke questioned defendant when he arrived at the station and was unable to testify about the information on which Carter ordered his arrest. He merely repeated Carter's conclusory statement that he had probable cause, based on two informants' tips. That was insufficient.

Reversed and remanded for new trial.