Argued and submitted October 14, 1991, reversed and remanded April 22, reconsideration denied June 17, petition for review allowed August 25, 1992
(314 Or 175)

# STATE OF OREGON,
*Appellant,*

*v.*

# BILLY J. WRIGHT,
*Respondent.*

## (90D-106823; CA A68328)

829 P2d 93

Rives Kistler, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Walter J. Todd, Salem, argued the cause for respondent. With him on the brief was Todd & Kuhns, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

### EDMONDS, J.

Defendant was charged with driving under the influence of intoxicants in violation of a city ordinance. He moved to suppress evidence obtained from the stop preceding his arrest on the ground that it was not based on a reasonable suspicion. ORS 131.615. The trial court granted his motion, and the state appeals. We reverse.

At the suppression hearing, the arresting officer testified that, when he arrived on the scene, defendant had already been stopped by Sergeant Martino. The trial court sustained defendant's objection, on hearsay grounds, to any testimony by the arresting officer about events before he arrived. The state presented this testimony of the officer as an offer of proof:

"[Martino] said that he had observed [defendant] earlier at the first dispatch and that he had at that time—Sergeant Martino indicated that the subject was very visibly intoxicated. When he arrived at the second call at 7:52 p.m. he observed the subject driving the car and therefore stopped him. Waved him down. * * * And therefore he performed his stop. And then he turned him over to me."

The state did not call Martino as a witness. The court concluded that the state did not carry its burden of proof that the stop was based on a reasonable suspicion, because it was "only able to produce non-admissible hearsay evidence on that issue."

The state argues that the court erroneously excluded the evidence, because the Oregon Evidence Code does not apply to hearings on motions to suppress. OEC 104(1).[1] Defendant contends that OEC does apply to hearings on motions to suppress, because such a motion is a "preliminary hearing" within the meaning of ORS 135.173:

"The Oregon Evidence Code shall apply in any *preliminary hearing* under this chapter, except that hearsay may be admitted if the court determines that it would impose an unreasonable hardship on one of the parties or on a witness

---

[1] OEC 104(1) provides, in part:

"Preliminary questions concerning the * * * admissibility of evidence shall be determined by the court * * *. In making its determination the court is not bound by the rules of evidence except those with respect to privileges."

to require that the primary source of the evidence be produced at the hearing, and if the witness furnishes information bearing on the informant's reliability and, as far as possible, the means by which the information was obtained." (Emphasis supplied.)

■ "Preliminary hearing" in ORS 135.173 refers to a hearing before a magistrate when the issue is whether there is reasonable cause to believe that a felony has been committed and that the defendant committed it. ORS 135.070 *et seq.* Hearings on motions to suppress under ORS chapter 135 are omnibus hearings authorized by ORS 135.037. When the legislature uses different language in similar statutory provisions, we presume that it intended the phrases to have different meanings. *See State v. Crumal*, 54 Or App 41, 45, 633 P2d 1313 (1981). If the legislature had intended the phrase "preliminary hearing" in ORS 135.173 to include an omnibus hearing, it would have said so.

■ The issue here is narrow: May a trial court rely on the hearsay statement of one police officer to another police officer to determine whether a stop was based on reasonable suspicion? Of course, reasonable suspicion can arise from evidence that may not meet the test for admissibility at trial. In *United States v. Matlock*, 415 US 164, 175, 94 S Ct 988, 39 L Ed 2d 242 (1974), the Court said:

"[T]he judge should receive the evidence and give it such weight as his judgment and experience counsel. However that may be, certainly there should be no automatic rule against the reception of hearsay evidence in such proceedings [where the admissibility of evidence is being considered]." (Footnote omitted.)

We agree. Even though the arresting officer's testimony in the omnibus hearing was hearsay, the trial court should have considered it. *See State v. Crawford*, 91 Or App 597, 756 P2d 68 (1988).

■ Defendant argues that, even if the excluded evidence is admissible, the state did not carry its burden of proof in establishing reasonable suspicion. That is a decision that, in the first instance, must be made by the trial court in the light of the fact that it is required to determine the weight and credibility to be given to the arresting officer's testimony.

The dissent says that, even if the trial court erred when it held that OEC applies to motions to suppress, the error is harmless because, as a matter of law, what Martino told the arresting officer were not "specific and articulable" facts sufficient to constitute reasonable suspicion under ORS 131.615. We agree with the dissent that the requirement of specific and articulable facts is to enable the reviewing court to determine whether the officer's suspicion was, under the totality of the circumstances, reasonable. However, we disagree with the dissent's assertion that what Martino reported does not constitute specific and articulable facts under *State v. Valdez*, 277 Or 621, 561 P2d 1006 (1972).

■     In *Valdez*, the court held that, in reviewing a stop under ORS 131.615:

> "[T]he trial court must determine whether the standard of reasonable suspicion has been met by the objective test of observable facts, not by reliance on the *special intuitions* of the officer." 277 Or at 629. (Emphasis supplied.)

*Valdez* says nothing about whether ultimate facts stated in the form of a conclusion[2] about the existence of intoxication can demonstrate that the officer had a reasonable suspicion rather than a "hunch" or a "guess."

Moreover, *State v. Lichty*, 110 Or App 294, 821 P2d 1114 (1991), on which the dissent relies, is inapposite. There, a store owner told the officer that she had observed "coke" in the defendant's wallet. We held that the officer had no basis on which to rely on the owner's information, because there was no showing that she could recognize cocaine. Therefore, because the officer had not seen the substance, he could not form a reasonable suspicion that it was cocaine. Martino's statements were the product of his personal observations; their reliability is enhanced by the fact that they were communicated by one police officer to another during the course of an on-going investigation. We conclude that Martino's statement that he had "observed" defendant to be "visibly intoxicated" is a communication of specific articulable facts that, as a matter of law, might suffice under ORS 131.615 to

---

[2] Ultimate facts about a state of intoxication are admissible, even if they are expressed in the form of conclusions. *See, e.g., State v. Rand*, 166 Or 396, 401, 111 P2d 82, 112 P2d 1034 (1941); *Guedon v. Rooney*, 160 Or 621, 87 P2d 209 (1939).

afford a basis for the trial court to find that Martino had a reasonable suspicion that defendant was under the influence.

Reversed and remanded.

**WARREN, P. J.,** dissenting.

The majority reverses and remands this case on the basis of its conclusion that the trial court erred in excluding the arresting officer's hearsay testimony. Evidential error is not presumed to be prejudicial. OEC 103(1);[1] *State v. Brown*, 299 Or 143, 153, 699 P2d 1122 (1985). Because the error, if any, was harmless, I dissent.

Martino's opinion that defendant was visibly intoxicated cannot support a conclusion that the stop of defendant was based on a reasonable suspicion that defendant was driving while intoxicated. ORS 131.615(1) provides:

> "A peace officer who reasonably suspects that a person has committed a crime may stop the person * * *."

ORS 131.605(4) provides:

> " 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances * * *."

When reviewing the legitimacy of a stop, we must determine whether the "specific and articulable facts" known to the officer justified the stop. *State v. Valdez*, 277 Or 621, 629, 561 P2d 1006 (1977). The requirement for specific and articulable facts enables the reviewing court to determine whether the officer's suspicion was reasonable. *State v. Lichty*, 110 Or App 294, 297, 821 P2d 1114 (1991). Therefore, when conducting that inquiry,

> "we look to the facts perceived by the officer who ordered the stop. In evaluating the sufficiency of the basis for the stop, our focus must be on objective facts and *not on the intuitive conclusions of the officer*." *State v. Hageman*, 59 Or App 96, 100, 650 P2d 175 (1982). (Emphasis supplied.)

---

[1] OEC 103(1) provides:

"Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

The officer testified that Martino told him that defendant appeared "visibly intoxicated." Perhaps Martino concluded that defendant appeared intoxicated on the basis of his observation of defendant's exhibiting symptoms of intoxication.[2] Those observations, considered in the light of Martino's training and experience, could reasonably lead him to that conclusion. However, the officer did not testify about what Martino actually observed.

The majority concludes that, because opinion testimony concerning intoxication is admissible substantive evidence in a trial, that evidence, standing alone, is sufficient to support a finding that a stop was based on reasonable suspicion. However, by so concluding, the majority confuses the distinction between "substantive evidence" and "specific and articulable facts."

The function of the finder of fact at a trial is to determine what facts actually exist and then to apply the law to those facts to determine the legal consequences. In that context, opinion testimony concerning intoxication could aid the finder of fact in determining whether the ultimate fact of intoxication existed. Accordingly, the evidence is admissible in a trial. *Guedon v. Rooney*, 160 Or 621, 638, 87 P2d 209 (1939).

On the other hand, the function of a judge hearing a motion to suppress is to review the facts to determine if a police officer's conduct based on those facts was permissible. In short, the facts presented must place the judge in the position of the officer in the field so that the judge can determine the validity of the officer's actions. In that context, opinion testimony concerning intoxication will not facilitate a

---

[2] *State v. Clark*, 286 Or 33, 39-40, 593 P2d 123 (1979), says that symptoms indicative of intoxication include, but are not limited to:

"(1)  Odor of the breath
"(2)  Flushed appearance
"(3)  Lack of muscular coordination
"(4)  Speech difficulties
"(5)  Disorderly or unusual conduct
"(6)  Mental disturbance
"(7)  Visual disorders
"(8)  Sleepiness
"(9)  Muscular tremors
"(10) Dizziness
"(11) Nausea"

court's review. Knowing what the officer concluded will not aid the court in determining whether that conclusion was valid.

In *State v. Kimmel*, 82 Or App 486, 728 P2d 894 (1986), a police officer stopped the defendant, because he suspected that the defendant was driving while intoxicated. The officer testified that the defendant was inattentive and had a flushed face and watery eyes. We concluded that those specific and articulable facts were insufficient to support a reasonable suspicion to justify the stop. It would be incongruous for us to hold now that an officer who merely concludes that a defendant appeared intoxicated, but does not state the basis for that conclusion, presents specific and articulable facts sufficient to justify a stop.

Specific and articulable facts are those that form the basis of a conclusion, not the conclusion itself. *State v. Lichty, supra*, 110 Or App at 297. Because the state did not inform the court about what observations Martino relied on in concluding that defendant appeared intoxicated, it was impossible for the court to determine independently whether his conclusion was reasonable. A conclusion cannot be converted into a fact simply because the person relaying the conclusion is deemed reliable. Accordingly, despite the alleged evidentiary error, the court properly granted defendant's motion to suppress.

I dissent.