Argued and submitted November 5, decision of Court of Appeals affirmed; order of
district court reversed and case remanded to district court for further proceedings
December 24, 1992

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## BILLY J. WRIGHT,
*Petitioner on Review.*

## (DC 90D-106823; CA A68328; SC S39281)

843 P2d 436

Walter J. Todd, Salem, argued the cause and filed the petition for petitioner on review.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the responses were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

Unis, J., filed a concurring opinion in which Van Hoomissen, J., joined.

## GRABER, J.

We decide two questions in this case. (1) In ruling on a pretrial motion to suppress evidence in a criminal case, based on an allegedly illegal search or seizure, is a trial court bound by the rules of evidence relating to the admissibility of hearsay? We answer that question "no." (2) Was an out-of-court statement that an officer "observed" defendant, who was driving, to be "very visibly intoxicated" sufficient to allow a reasonable trier of fact to conclude that the officer had a reasonable suspicion that defendant was driving under the influence of intoxicants in violation of a Salem ordinance? We answer that question "yes."[1]

The material facts are not disputed. On June 7, 1990, Sergeant Martino stopped a car in Salem. Defendant was the driver. Shortly thereafter, Corporal Shimmin learned of the stop and went to the scene to assist Martino. When Shimmin arrived, Martino told him why he had stopped defendant. Shimmin administered field sobriety tests to defendant and, based on the results, arrested him for driving under the influence of intoxicants.

Defendant moved to suppress "any and all evidence obtained in the stop of [defendant]." The issue at the pretrial omnibus hearing on defendant's motion to suppress was whether Martino had a reasonable suspicion to stop defendant.[2]

The state called Shimmin, who testified:

"PROSECUTOR: What did you respond to at about 7:52 hours, 7:52 p.m. that night?

"CORPORAL SHIMMIN: I was a cover car that — we were being sent back to an incident that had arisen again,

---

[1] Defendant made no constitutional argument on appeal, and he makes none on review.

[2] ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

ORS 131.605(4) provides:

" 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

and I was a cover car being sent back to that area.

"* * * * *

"PROSECUTOR: What happened when you got there?

"CORPORAL SHIMMIN: When I arrived, I had — I was quite a distance away, and by the time I got there the other officers had already arrived and I made contact with the supervisor at the scene, Sergeant Martino, and he indicated to me that —"

At that point, defense counsel objected on the ground that whatever Martino had told Shimmin was hearsay and inadmissible.[3] The trial court sustained the objection, and the state made this offer of proof:

"PROSECUTOR: Officer Shimmin, when you arrived there, you were contacted by Sergeant Martino. What did he tell you about the defendant that night?

"CORPORAL SHIMMIN: He said that he had observed him earlier at the first dispatch and that he had — at that time Sergeant Martino indicated the subject was very visibly intoxicated and when he arrived at the second call at 7:52 he observed the subject driving a car and therefore stopped him. Waved him down. * * * [A]nd therefore he performed his stop and then he turned him over to me.

"PROSECUTOR: And you subsequently arrested him?

"CORPORAL SHIMMIN: Yes."

The trial court granted defendant's motion to suppress:

"IT FURTHER APPEARING that the State, having the burden of proof, failed to produce witnesses with personal observations pertaining to the alleged bad stop and

---

[3] OEC 801(3) provides:

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Here, Sergeant Martino's statement was offered in evidence through Corporal Shimmin to prove the truth of the matter asserted, *i.e.*, that Martino had observed defendant's visible intoxication and had stopped him for that reason. Therefore, that statement was hearsay. OEC 802 provides:

"Hearsay is not admissible except as provided in OEC 801 to 806 or as otherwise provided by law."

The state does not argue that the evidence is admissible under "OEC 801 to 806 or as otherwise provided by law."

"IT FURTHER APPEARING that the State was only able to produce non-admissible hearsay evidence on that issue

"IT IS HEREBY ORDERED that Defendant's Motion is granted."

Pursuant to ORS 138.060(3),[4] the state appealed.

The Court of Appeals reversed, holding that the trial court should have admitted and considered the excluded testimony and that the state's offer of proof was sufficient to demonstrate the validity of the stop. *State v. Wright*, 112 Or App 567, 829 P2d 93 (1992). We affirm the decision of the Court of Appeals.

OEC 101(4)(a) provides:

"OEC 100 to 412 and OEC 601 to 1008 do not apply in the following situations:

"(a) The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under OEC 104."

That paragraph restates the provisions of the second sentence of OEC 104(1), relating to preliminary questions. 1981 Conference Committee Commentary to OEC 101, *reprinted in* Oregon Rules of Court, State 147 (1992). OEC 104(1) provides in part:

"Preliminary questions concerning * * * the admissibility of evidence shall be determined by the court * * *. In making its determination the court is not bound by the rules of evidence except those with respect to privileges."

We turn first to the question whether a motion to suppress evidence in a criminal case involves a preliminary question concerning the admissibility of evidence within the scope of OEC 104(1). In interpreting a statute, our task is to discern the intent of the legislature. ORS 174.020; *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991).

---

[4] ORS 138.060(3) provides:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"* * * * *

"(3) An order made prior to trial suppressing evidence[.]"

We begin with the text and context of the statute. ORS 174.010; *Porter v. Hill*, 314 Or 86, 91, 838 P2d 45 (1992).

Defendant's motion to suppress asked the trial court to rule preliminarily, outside the presence of the jury, on the admissibility of evidence resulting from the stop. On their face, the words of OEC 104(1) apply to the determination made here. *See State v. Carlson*, 311 Or 201, 210-13, 808 P2d 1002 (1991) (wording of OEC 104(1) and commentary to it suggest that the issue whether the defendant's nonverbal reaction to his wife's accusatory statement manifested his intention to adopt the statement was a preliminary question of fact for the trial judge under OEC 104(1)). *See also* Kirkpatrick, Oregon Evidence 30 (2d ed 1989) ("[s]uppression hearings * * * are exempted by Rule 104(1) from the rules of evidence other than the privilege rules, although courts may apply the rules of evidence by analogy").

An additional indicator that OEC 104(1) encompasses motions to suppress evidence in criminal cases is found in another subsection of the same rule. OEC 104(3) provides that "[h]earings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice require or, when an accused is a witness, if the accused so requests." That subsection makes clear that the preliminary matters covered by OEC 104 include questions of admissibility of evidence in criminal trials; include questions of admissibility involving constitutional issues; and contemplate various situations in which an accused is expected to testify. A criminal defendant's motion to suppress evidence based on an allegedly illegal stop is a preliminary matter of just that type.

We conclude that a hearing on a motion to suppress evidence involves a preliminary question of fact concerning the admissibility of evidence to which OEC 104(1) applies. That being so, the hearsay rules of the Oregon Evidence Code do not apply therein. OEC 101(4)(a).[5]

---

[5] "OEC 104(1) is essentially identical to and is derived from FRE 104(a)." *State v. Carlson*, 311 Or 201, 209 n 8, 808 P2d 1002 (1991). *See* Proposed Oregon Evidence Code, Report of the Legislative Interim Committee on the Judiciary 8 (1980) (the text of OEC 104(1) "is identical to Rule 104 of the Federal Rules of Evidence"). The

Defendant argues that the hearsay rules apply, because ORS 135.173 makes the evidence code applicable to "any preliminary hearing under this chapter."[6] The problem with that argument is that ORS 135.070 to 135.225 reveal that the "preliminary hearing" to which ORS 135.173 refers is a preliminary hearing to determine whether probable cause exists to try a defendant who has been charged by information rather than by indictment.

ORS 135.070, the first section in ORS chapter 135 to use the phrase "preliminary hearing," provides in part:

"When the defendant against whom an information has been filed in a preliminary proceeding appears before a magistrate on a charge of having committed a crime punishable as a felony, before any further proceedings are had the magistrate shall read to the defendant the information and shall inform the defendant:

"* * * * *

---

majority of federal decisions construing FRE 104(a) are consistent with our analysis and conclusion here.

In *United States v. Lee*, 541 F2d 1145, 1146 (5th Cir 1976), the court held that "Rule 104(a) leaves no doubt that hearsay evidence is admissible in a suppression hearing" in a criminal case. The court noted that "[t]he judge should be empowered to hear any relevant evidence, such as affidavits or other reliable hearsay." *Ibid*.

The Sixth Circuit reached the same result in *United States v. Killebrew*, 594 F2d 1103 (6th Cir), *cert den* 442 US 933 (1979). *See also United States v. Bolin*, 514 F2d 554, 557 (7th Cir 1975) (referring to FRE 104(a) and 1101(d), court held that, although Federal Rules of Evidence had not yet gone into effect, "it is clear that hearsay evidence is admissible in a hearing on a motion to suppress").

In *U.S. v. Brewer*, 947 F2d 404, 407-10 (9th Cir 1991), the court held that FRE 104 does not negate the applicability of FRE 615 in a pretrial hearing on a motion to suppress evidence, because the latter is a *procedural* rule related to the exclusion of witnesses during the testimony of other witnesses, as distinguished from a rule regarding the admissibility of evidence. The court also stated that the Federal Rules of Evidence generally *do* apply in hearings on motions to suppress evidence. That observation appears to be *dictum*, and, for the reasons expressed in the text of this opinion, we do not find it persuasive.

6 ORS 135.173 provides:

"The Oregon Evidence Code shall apply in any preliminary hearing under [ORS chapter 135], except that hearsay may be admitted if the court determines that it would impose an unreasonable hardship on one of the parties or on a witness to require that the primary source of the evidence be produced at the hearing, and if the witness furnished information bearing on the informant's reliability and, as far as possible, the means by which the information was obtained."

"(2) That the defendant is entitled to a preliminary hearing and of the nature of a preliminary hearing. If a preliminary hearing is requested, it shall be held as soon as practicable but in any event within five days, unless such time is extended for good cause shown."

In addition, ORS 135.185 describes the effect of admitting hearsay evidence, pursuant to ORS 135.173, in that "preliminary hearing":

"If it appears from the preliminary hearing that there is probable cause to believe that a crime has been committed and that the defendant committed it, the magistrate shall make a written order holding the defendant for further proceedings on the charge. When hearsay evidence was admitted at the preliminary hearing, the magistrate, in determining the existence of probable cause, shall consider (a) the extent to which the hearsay quality of the evidence affects the weight it should be given, and (b) the likelihood of evidence other than hearsay being available at trial to provide the information furnished by hearsay at the preliminary hearing."

By contrast, the legislature referred to pretrial hearings on motions to suppress evidence as "omnibus hearing[s]." ORS 135.037(2)(a). We conclude that defendant's reliance on ORS 135.173 is misplaced.

■ In summary, we hold that the hearsay rules of the Oregon Evidence Code do not apply to pretrial hearings on motions to suppress evidence, based on an allegedly illegal search or seizure, in a criminal case. In the trial court, defendant objected only on the ground that the excluded evidence was hearsay. (Indeed, he made no other argument for its exclusion to the Court of Appeals or to us.) Accordingly, the trial court erred in sustaining defendant's objection.

We next consider defendant's main contention on review: that the state's offer of proof "failed to establish an objective basis" for stopping his car. Defendant argues that Shimmin's testimony about Martino's reported reasons for the stop included only a "conclusory statement" that defendant was intoxicated and that the statement was "not backed up by any specific articulable facts — *e.g.*, bloodshot eyes, the smell of alcohol, or slurring of speech." Therefore, defendant

argues, Martino did not "reasonably suspect" that defendant had committed a crime, as required by ORS 131.615.

This court recently responded to a similar argument by pointing out that "[p]eople often speak in the shorthand of opinions or conclusions, not in the form of a recitation of pure fact." *State v. Lichty*, 313 Or 579, 585, 835 P2d 904 (1992). In *Lichty*, a citizen reported to the police that she had found a wallet and that "a bag of coke fell out of it." *Id.* at 584. This court rejected the defendant's argument that the police and the trial court had to know more (such as what the container and the powder looked like and how much powder there was in the bag) in order for the stop to be permissible under ORS 131.615. *Id.* at 584-85. The court held that the citizen's statement, when combined with the police officer's knowledge about cocaine packaging, gave the officer reasonable suspicion for the stop. *Id.* at 585.

■ Furthermore, this court long has recognized that lay witnesses are capable of offering an opinion as to whether a person is intoxicated. *Brown v. Bryant*, 244 Or 321, 323, 417 P2d 1002 (1966). Ultimate facts about a state of intoxication are admissible, even if expressed in the form of conclusions. *See, e.g., State v. Rand*, 166 Or 396, 401, 111 P2d 82, 112 P2d 1034 (1941) (question whether a person is intoxicated may fairly be considered a matter of common knowledge and a question that a non-expert observer of the person is competent to answer); *Guedon v. Rooney*, 160 Or 621, 638, 87 P2d 209 (1939) (witness who had opportunity to observe, and did observe, a person's condition may testify as to whether the person was intoxicated and the extent of that intoxication). *See also* OEC 701 (opinion testimony by lay witness is admissible if rationally based on witness' perception and if helpful to determine a fact in issue). It would be incongruous to allow a jury to find intoxication beyond a reasonable doubt, based on lay testimony that the defendant was intoxicated, but not to allow a trial court to conclude that the officer had a reasonable suspicion of intoxication — a lower standard of proof — based on an otherwise admissible statement from a police officer that the defendant was intoxicated.

■ We hold that Sergeant Martino's statement to Corporal Shimmin that he had "observed" that defendant was "very visibly intoxicated" is sufficient to support a finding

that Martino reasonably suspected that defendant was intoxicated. The trial court would have been entitled to conclude, based on that evidence, that the stop of defendant was supported by a reasonable suspicion. On remand, the trial court is to reconsider defendant's motion to suppress, including the excluded evidence.

The decision of the Court of Appeals is affirmed. The order of the district court is reversed, and the case is remanded to the district court for further proceedings.

**UNIS, J.,** concurring.

Although I join in the opinion of the court, I write separately to express my view that the holding in this case brings into focus matters that deserve consideration by the legislature.

OEC 101(2) states that, with a number of exceptions, the Oregon Evidence Code applies generally to "criminal actions and proceedings." Those exceptions are found in OEC 101(4). A motion to suppress evidence obtained through an allegedly illegal search or seizure, however, is not one of those exceptions. Nonetheless, this court correctly concludes "that a hearing on a motion to suppress evidence involves a preliminary question of fact concerning the admissibility of evidence to which OEC 104(1)[1] applies." 315 Or at 129. The court reaches that conclusion by relying on OEC 101(4)(a), which provides that the Oregon Evidence Code (with the exception of the rules relating to privileges) does not apply to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under [OEC 104]." Specifically, the court concludes that OEC 801 to 806, the rules relating to hearsay, do not apply at a hearing on a motion to suppress evidence obtained through an allegedly illegal search or seizure.

OEC 101(4) cannot be read literally. If the Oregon Evidence Code as a whole (with the exception of the rules relating to privileges) does not apply to preliminary fact determinations under OEC 104, as OEC 101(4) literally suggests, the result is nonsensical: OEC 104 itself does not

---

[1] *See State v. Carlson*, 311 Or 201, 208, 808 P2d 1002 (1991) (describing judge's role in determining preliminary questions of fact under OEC 104(1)).

apply to any situation to which OEC 104 applies. Obviously, that is not what the legislature intended.

If the Oregon Evidence Code, with the exception of the rules relating to privileges, does not apply to such suppression hearings, it is not clear what evidentiary standards are applicable. This court's holding in this case suggests that a prosecutor, when faced with such a motion, can simply introduce the police reports or summarize for the court the officers' testimony. Under this court's holding in this case, OEC 802[2] is not a proper basis for excluding hearsay or multiple hearsay evidence.[3] Yet, because it is unreliable, much hearsay is excluded at trial. 2 McCormick on Evidence, § 245 (4th ed 1992). The receipt of hearsay at a suppression hearing presents confrontation clause and due process concerns. Evidentiary standards, and particularly rules governing the admissibility of hearsay, are important in hearings on motions to suppress, and I suggest that the legislature should determine what evidentiary standards are applicable.

It has been nearly 12 years since the adoption of the Oregon Evidence Code. I believe that it would be appropriate for the legislature to review the Oregon Evidence Code in order to determine whether the experience of nearly 12 years has illuminated areas that need to be clarified, modified, or expanded. In particular, it would be helpful for the legislature to augment the Oregon Evidence Code with specific legislation prescribing the rules of evidence that apply at a hearing on a motion to suppress evidence in a criminal case, such as the legislature has done in ORS 135.173, that prescribes the rules of evidence that apply at a preliminary hearing conducted pursuant to ORS 135.070 to 135.225. *See, e.g.,* ORS 135.173 and 135.185, quoted *supra,* 315 Or at 130 n 6 & 131.[4]

Van Hoomissen, J., joins in this concurring opinion.

---

[2] OEC 802 provides:

"Hearsay is not admissible except as provided in ORS 40.450 to 40.475 or as otherwise provided by law."

[3] *See* OEC 805 (hearsay within hearsay rule).

[4] The function of a preliminary hearing under ORS 135.070 to 135.225 is simply to determine whether probable cause exists to hold the accused for trial.