Argued and submitted April 21, reversed and remanded with instructions
December 22, 1993

STATE OF OREGON,
*Respondent,*

*v.*

TIMOTHY D. FOLEY,
*Appellant.*

(902465; CA A71428)

865 P2d 465

Manuel C. Hernandez argued the cause for appellant. With him on the briefs were Elizabeth S. McCorkle and Manuel C. Hernandez & Associates, P.C.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

Riggs, J., dissenting.

## DEITS, P. J.

Defendant appeals the forfeiture of his boat pursuant to ORS 506.655 for violation of commercial fishing laws. He assigns error to the trial court's denial of his motion to dismiss, the denial of his motion for summary judgment, and the order granting summary judgment to the state.

Defendant pleaded no contest to harvesting sea urchins without a permit in violation of ORS 506.129, ORS 508.760 and OAR 635-05-180. The trial court fined defendant $2,500 and imposed 5 years probation. Pursuant to ORS 506.655, the state sought the civil forfeiture of the "gear or equipment" defendant used in violation of commercial fishing laws, including his boat, which had been seized under ORS 506.695(1). Defendant moved to dismiss the state's petition for civil forfeiture of his boat on the ground that the petition failed to state a claim for relief. He concedes that his boat was subject to seizure and forfeiture at the time of his sentencing under ORS 506.695. He argues, however, that *civil* forfeiture of his boat is not authorized by ORS 506.655 because that statute only authorizes the forfeiture of "gear or equipment," which he argues does not include a boat. The trial court, concluding that the terms " 'gear or equipment' plainly are intended as generic words to refer to the property seized by a sheriff pursuant to [ORS] 506.695(1)," denied his motion.

Our task in construing a statute is to discern the intent of the legislature. ORS 174.020; *State v. Trenary*, 316 Or 172, 850 P2d 356 (1993). We begin our determination of that intent with the words of the statute. If the words of the statute are not dispositive, we consider other aids to statutory construction, such as the context of the statute, including other provisions of the same statute and other statutes on the same subject, and the legislative history of the statute. *State v. Trenary, supra.*

The relevant statutes are ORS 506.655 through ORS 506.700. The civil forfeiture statute, ORS 506.655(1), provides:

> *"Immediately upon the seizure mentioned in ORS 506.695* the district attorney for the district in which the *gear or equipment* is seized shall institute an action in the

circuit court for that county to have the *gear or equipment* confiscated, condemned and sold." (Emphasis supplied.)

ORS 506.695(1), the statute referred to in ORS 506.655, provides:

"*All boats, fishing gear and vehicles used in violation of the commercial fishing laws or the rules of the commission may be seized,* and piling driven for the sole or primary purposes of violation of such laws may be removed, by any member of the commission or any officer described in ORS 506.521. Following the seizure the boats, gear and vehicles shall be delivered to the sheriff of the county in which the seizure occurred. *The sheriff shall retain custody of the seized property until it is ordered returned to the owner or confiscation is adjudged pursuant to ORS 506.670(2), or forfeiture is ordered pursuant to this section.*" (Emphasis supplied.)

ORS 506.670(1) and (2) provide:

"Upon the trial of the cause mentioned in ORS 506.655 the matter to be determined shall be whether or not the gear or equipment seized was unlawfully employed, or suffered or permitted to be unlawfully employed, in violation of the commercial fishing laws, or used or operated without a license or by one not licensed.

"If judgment is entered that the gear or equipment was used or employed, or suffered or permitted to be used or employed, in violation of the commercial fishing laws, a judgment shall be rendered confiscating all gear or equipment and ordering it to be turned over to the commission and disposed of as provided in ORS 506.695(3)."

The terms "gear or equipment" are not specifically defined anywhere in the statutes. However, in our view, the natural and ordinary meaning of the terms "gear or equipment" would include a boat. *Webster's Third New International Dictionary* 768 (unabridged 1971) defines equipment as "[t]he implements (as machinery and tools) used in an operation or activity." It also lists gear as a synonym and says, in common, these terms refer to "all things used in a given work or useful in affecting a given end." We believe that the plain meaning of the terms "gear or equipment" would include a boat.

Even if the words of the statute were not dispositive, however, the context of the statute shows that the legislature intended that the terms "gear or equipment" include boats. ORS 506.655 does not provide any authority for a *seizure*. Rather, it says: "Immediately upon *the seizure mentioned in ORS 506.695* the district attorney * * * shall institute an action in the circuit court * * * to have the gear or equipment confiscated, condemned and sold." (Emphasis supplied.) As noted above, ORS 506.695 specifically authorizes the seizure of boats. There is nothing in the statutes that indicates a legislative intent to distinguish between different types of property seized under ORS 506.695. The reference in ORS 506.655 is to property seized under ORS 506.695. Further, ORS 506.695 says that the *seized property*, which includes boats, may be retained by the sheriff until it is ordered returned to the owner, confiscated pursuant to ORS 506.670(2) (the statute under which the petition for civil forfeiture under ORS 506.655 is enforced) or forfeited under this section. There is no distinction made between boats and any other type of property seized under ORS 506.695(1), suggesting that all of the seized property is subject to civil forfeiture.

Further, if we were to interpret the phrase "gear or equipment" in ORS 506.655 not to include boat, it would create inconsistencies in the use of the terms in other provisions of the statutory scheme. For example, ORS 506.670(4) provides that the owner may sue the state for any damage to property seized under ORS 506.695(1). It states:

> "If judgment is entered in a proceeding commenced under ORS 506.655 or upon a finding of the court mentioned in ORS 506.695 that the *gear or equipment* was not used or employed * * * in violation of the commercial fishing laws, such property shall be returned to the owner. If the owner has proved at trial any damage or loss to such property caused by the seizure, a judgment shall be entered against the plaintiff for an amount equal to the reasonable value of such damage or loss." (Emphasis supplied.)

If the phrase "gear or equipment" does not include all of the property subject to seizure under ORS 506.695(1), then the owner of a seized boat that was subsequently returned in a damaged condition would have no remedy. It is doubtful that the legislature would have intended to so limit that remedy.

In addition, the legislative history of ORS 506.655 and ORS 506.695 supports our conclusion. As early as 1921, the legislature enacted a statute authorizing the seizure and civil forfeiture of "[a]ll fish traps, poundnets, gillnets, setnets, fish wheels, *fishing boats*, and vessels" used in violation of commercial fishing laws. Or Laws 1921, ch 105, § 51. (Emphasis supplied.) In 1957, the legislature enacted a criminal forfeiture statute, *former* ORS 506.603 (renumbered ORS 506.695). Or Laws 1957, ch 298, § 2. At that time, the civil and criminal forfeiture statutes authorized the seizure of, *inter alia*, boats used in violation of commercial fishing laws. In 1965, the legislature consolidated the civil and criminal forfeiture statutes. Or Laws 1965, ch 570, §§ 54a, 152. In 1965, the legislature replaced the term "appliance" in *former* ORS 506.575 (renumbered ORS 506.655) with the terms "gear or equipment." Or Laws 1965, ch 570, § 54a. The text of the forfeiture statutes from 1921 through the 1965 amendments establishes that the term "appliances" included all the property subject to seizure. *See, e.g.*, OCLA 83-318. There is no indication in the legislative history that the terms "gear or equipment" were intended to mean something different from the term "appliances." Both are generic terms used in this context to refer to the spectrum of items used for fishing.

The dissent's reliance on the maxim that different terms must have different meanings ignores both the ordinary meaning of the terms "gear or equipment" and the purpose and history of the statutory scheme. Although that maxim may be helpful in some circumstances, its blind application may lead to absurd results. For example, the dissent argues that the terms "gear or equipment" do not include a boat, because the term boat is used in ORS 506.695(1). 125 Or App at 433. However, applying that rationale, the terms "gear or equipment" would also not include fishing gear, vehicles or fixed fishing gear because those different terms are also used throughout the statutory scheme. *See, e.g.*, ORS 506.695; ORS 506.006(6); ORS 506.006(8). We conclude that the terms "gear or equipment," as used in ORS 506.655, include fishing boats.

■ Civil forfeitures may result in harsh penalties. However, they are a well accepted enforcement mechanism. As the Supreme Court explained in *State v. Curran*, 291 Or 119, 127, 621 P2d 1198 (1981):

"Historically, the concept of a forfeiture is founded on the idea that a chattel attains some guilt in the commission of a criminal act. * * *

"Traditionally, the purpose of forfeiture legislation is not merely to punish criminal activity but to make it unprofitable."

Except for circumstances where a forfeiture in a particular case is so harsh that it violates the Eighth Amendment or double jeopardy principles, the decision to use civil forfeiture as an enforcement mechanism is a policy choice to be made by the legislature. Until the 1993 legislative session, the legislature[1] chose to allow the use of civil forfeitures to ensure compliance with commercial fishing laws. The trial court did not err in denying defendant's motion to dismiss, because the state's petition stated a claim for relief against defendant's boat under ORS 506.655.

Defendant next argues that the court improperly granted summary judgment to plaintiff because there are genuine issues of material fact. Defendant argues that there is a genuine issue of fact regarding whether his actions violated commercial fishing laws. Additionally, he argues that his assertion that his wife owns an interest in the boat also creates a material issue of fact.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47. We review the facts, and all reasonable inferences that may be drawn, in the light most favorable to the non-moving party. Defendant does not raise a genuine issue of material fact. He does not deny diving for urchins without a permit. Rather, he argues that it is not unlawful for a diver to take sea urchins without a permit as long as a permit holder, who remains in the boat, assists in the taking. Defendant's contention is a legal one properly addressed by the court on a motion for summary judgment. Here, the trial court determined that defendant's actions were unlawful.

We agree with the trial court's conclusion. At the time of defendant's violations, OAR 635-05-180 provided:

---

[1] The 1993 legislature repealed ORS 506.655, the civil forfeiture statute. Or Laws 1993, ch 699, § 30.

"It is unlawful for commercial purposes to take, land, or possess sea urchins:

"* * * * *

"(3)   Without first obtaining a permit issued by the Department of Fish and Wildlife.

"(4)   Where more than two divers are in the water off any one boat at the same time, or where more than two persons without permits were on board any boat while divers were harvesting urchins."

OAR 635-06-610(1) provided:

"It is unlawful for an individual to take or attempt to take sea urchins for commercial purposes without first obtaining a permit * * *."

Defendant admits that he was using his boat while diving for sea urchins without a permit. He argues, however, that because a person with a valid permit was assisting him from on board his boat, he did not take or possess sea urchins in violation of commercial fishing laws. Defendant argues that if a person on board the vessel has a valid permit to take sea urchins, then the person diving for sea urchins is not harvesting sea urchins without a permit. OAR 635-05-180(3) and OAR 635-06-610(1) prohibit a person from taking or attempting to take sea urchins without a permit. OAR 635-05-180(4) also prohibits a diver with a valid permit from harvesting sea urchins if more than two people on board the boat do not have permits. That subsection does not suggest, as defendant argues, that a person may dive for sea urchins without a permit as long as a permit holder is on board the boat. Defendant took sea urchins without a permit, and the fact that a person on board defendant's vessel had a valid permit is irrelevant. Defendant used his boat in violation of commercial fishing laws and, therefore, it was subject to seizure under ORS 506.695(1) and civil forfeiture under ORS 506.655.

■     Defendant also argues that there is a genuine issue of material fact "as to whether [his] spouse's interest [in the boat] may be forfeited." Whether defendant's spouse's interest is forfeitable under ORS 506.655 is a legal issue. Under ORS 506.665(2), all persons claiming any interest in the boat shall be permitted to file an answer setting forth their various

interests. Defendant's wife did not attempt to protect her interest in the boat by filing an answer, and, therefore, she has waived her right to contest the forfeiture. The trial court correctly determined that defendant failed to raise a genuine issue of material fact regarding the forfeitability of his boat under ORS 506.655.

■ Defendant next assigns as error the trial court's denial of his motion for summary judgment on the basis of double jeopardy. Defendant argues that the Double Jeopardy Clause of the United States Constitution[2] prohibits the civil forfeiture of his boat for these violations because he has already been criminally prosecuted for the same conduct. The state argues that double jeopardy principles apply "strictly to the criminal sphere and not to civil forfeiture."

■ ■ The Double Jeopardy Clause prohibits: "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 US 435, 440, 109 S Ct 1892, 104 L Ed 2d 487 (1989). A civil sanction that is punitive in nature triggers the Double Jeopardy Clause's prohibition against multiple punishments for the same offense. A civil sanction is punishment for double jeopardy purposes when it is overwhelmingly disproportionate to the government's loss or is not rationally related to making the government whole. 490 US at 449. In *Halper*, the Court held

> "that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction *to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution*." 490 US at 448. (Emphasis supplied.)

Accordingly, the dispositive issue here is whether the civil forfeiture of defendant's boat is remedial or retributive. That issue cannot be resolved on the basis of the record before us. As the Court said in *Halper*:

---

[2] The Fifth Amendment to the United States Constitution provides, in part:

"[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]"

"[T]he defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment. We must leave to the trial court the discretion to determine on the basis of such an accounting the size of the civil sanction the Government may receive without crossing the line between remedy and punishment." 490 US at 448. (Footnote omitted.)

Here, the state has not had the opportunity to submit evidence of its enforcement and investigation costs or other losses. Therefore, we remand this case to the trial court with instructions for it to determine, in the first instance, whether civil forfeiture of defendant's boat is rationally related to making the government whole.

Defendant also argues that the civil forfeiture of his boat violates the excessive fines prohibition of Article I, section 16, of the Oregon Constitution.[3] We do not address this argument, because on remand the parties may submit additional evidence relevant to its resolution. Defendant's remaining assignments of error do not require discussion.

Reversed and remanded for further proceedings not inconsistent with this opinion.

**RIGGS, J.,** dissenting.

The threshold issue in this case is whether the phrase "gear or equipment," which appears in the civil forfeiture statute, ORS 506.655, includes boats. I believe it does not. A review of the legislative history of the forfeiture statutes supports a definition of "gear or equipment" that excludes boats.

From 1921 through 1965, all "fish traps, poundnets, gillnets, set nets, fish wheels, fishing boats and vessels used in fishing and apparatus" were referred to as "appliances" and could be civilly or criminally forfeited. *See, e.g.,* OCLA 83-318. When the civil and criminal forfeiture statutes were amended in 1965, the term "appliance" was replaced by the terms "gear and equipment" to describe the property that could be civilly forfeited. *Former* ORS 506.575 (renumbered ORS

---

[3] Article I, section 16, provides in part: "Excessive bail shall not be required, nor excessive fines imposed."

506.655 in 1965). The statute does not define "gear or equipment."

At the same time that the civil forfeiture statute was amended, changes were made to the criminal forfeiture statute. Before its amendment in 1965, ORS 506.603(1) described the property forfeitable after a conviction as "boats, nets, traps or other fishing apparatus, implements or gear." In the 1965 amendments, the property that could be criminally forfeited was described as "boats, fishing gear and vehicles." ORS 506.603(1) (renumbered ORS 506.695(1) in 1977).

The majority's reading of the statute requires us to make two leaps of faith. The first leap is that, in 1965, the legislature used "gear or equipment" to mean exactly what "appliance" meant between 1921 and 1965. However, we must assume that, when the legislature uses different statutory provisions, it intends different meanings. *See State v. Wright*, 112 Or App 567, 570, 829 P2d 93, *aff'd* 315 Or 124, 843 P2d 436 (1992). The second leap of faith is that the terms "boats, fishing gear and vehicles," as used in the criminal forfeiture statute, ORS 506.695(1), mean exactly what "gear or equipment" means in ORS 506.655 and exactly what "appliance" meant in the old civil forfeiture statutes. *See, e.g.*, OCLA 83-318. Again, the use of different terms must have significance. *State v. Wright, supra.*

Without legislative history or case law to guide us, defining the term "gear or equipment" is like teaching a fish to ride a bicycle: very difficult. However, whatever the phrase "gear or equipment" means, it apparently excludes boats. The term "boat" appears three times in the statutory scheme, suggesting that, when the legislature deemed forfeiture of a boat appropriate, it used the term "boat." *See* ORS 506.006(2); ORS 506.695(1); ORS 506.991(5).

Because ORS 506.655, the civil forfeiture statute, does not appear to authorize the civil forfeiture of boats, I do not believe that we need to reach the constitutional issues raised by defendant. Were we to reach them, I would agree with the majority that civil forfeiture of the boat under ORS 506.655 may constitute double jeopardy and that remand is appropriate.

For these reasons, I dissent.