Argued and submitted June 19, reversed and remanded for new trial
August 13, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## JASON M. McCLELLAN,
*Appellant.*

000850318; A113478

74 P3d 1167

Patrick M. Ebbett argued the cause for appellant. With him on the brief was Chilton & Ebbett, LLC.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

**KISTLER, J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants. On appeal, he argues that the trial court erred in denying his motion to suppress. The state concedes that, on the record before it, the trial court erred in denying the motion. It argues, however, that it did not have fair notice that defendant was challenging the validity of his stop (as opposed to his companion's stop) and should be permitted to introduce additional evidence on that issue on remand. We accept the state's concession that the motion to suppress should have been granted. We decline, however, to allow the state to introduce additional evidence on defendant's suppression motion on remand.

In his motion to suppress, defendant asked the trial court to suppress all the evidence resulting from his stop.[1] The accompanying memorandum recited the facts and then set out a boilerplate discussion of stops, reasonable suspicion, and the fruit of the poisonous tree doctrine. Finally, in three sentences, the memorandum asserted that (1) the officer did not reasonably believe that defendant's companion was a prostitute, (2) "[t]he officer had no basis on which to stop defendant"; and (3) "[t]hus the observations of the officers as to defendant's condition and the statements attributed to defendant should be suppressed."

One witness testified at the suppression hearing. Officer David Hergert told the trial court that, at approximately 1:00 a.m., he saw a woman, Michelle Kreger,[2] get out of defendant's truck. After she got out, Kreger began walking along the sidewalk. Given the nature of the area, the officer suspected that Kreger may have been a prostitute. Alternatively, he was concerned that there may have been a domestic dispute. He made a U-turn and approached Kreger, who was

---

[1] Defendant's motion states:

"COMES NOW the defendant, by and through the undersigned attorney, and moves this Court for an Order suppressing the stop of defendant and the seizure of any and all evidence obtained as a result therefrom[.]"

[2] Although the officer referred to the woman as Stacey Oakley, both the state and defendant have referred to her as Michelle Kreger.

by then sitting on the sidewalk. Kreger appeared upset and said that she had been "feuding" with her boyfriend and was waiting for a ride. While he was talking with Kreger, the officer noticed that defendant's truck had circled around and was now in a nearby parking lot. When asked about the truck, Kreger said it was her boyfriend's. After finding no outstanding warrants, the officer told Kreger she was free to go.

No other evidence was introduced at the suppression hearing. There was no evidence whether the officer contacted defendant, nor was there any evidence that any contact the officer may have had with defendant rose (or did not rise) to the level of a stop. After the state rested, defendant argued that the state had put on no evidence that its stop of him was based "on reasonable suspicion or anything else." He argued that, because the state had failed to meet its burden of proof, the evidence resulting from his stop should be suppressed. In response to defendant's argument, the state argued initially that, as it remembered defendant's suppression motion, "there wasn't any argument as to whether the stop of [defendant] was improper. Simply that the stop of the woman involved in this case, Ms. [Kreger], was improper and, therefore, any evidence as to [defendant] should be suppressed." Alternatively, the state argued that the officer reasonably suspected that Kreger and defendant had been involved in a domestic dispute. After considering the parties' arguments, the trial court ruled that the officer's contact with defendant did not rise to the level of a stop.

On appeal, defendant assigns error to the trial court's ruling on his motion to suppress. He contends, as he did below, that the state introduced no evidence to support the trial court's conclusion that the officer's contact with him did not rise to the level of a stop. The state concedes that, on this record, defendant is correct—a concession we accept. The state argues, however, that we should remand this case to allow it to submit additional evidence. In support of that position, the state argues that the prosecutor reasonably "understood defendant's motion to challenge only the stop of the woman that led to the officer's discovery of the potential domestic violence issue." That is, the state argues that the

prosecutor reasonably understood that defendant was seeking to suppress the evidence resulting from Kreger's stop, not the evidence resulting from the stop of defendant.

We read the record differently. Defendant's motion was based on the claim that his own stop was invalid. He moved to suppress the evidence resulting from his stop, not from Kreger's stop. Similarly, in his accompanying memorandum, defendant did not challenge the validity of Kreger's stop. Rather, he argued that the officer had no reasonable basis for believing that Kreger was a prostitute and thus "had no basis on which to stop defendant." The focus of defendant's motion and his memorandum was on the legitimacy of his stop, not Kreger's: if the officer did not reasonably suspect that Kreger was a prostitute, he had no basis to stop defendant for being her customer. Defendant specifically reiterated that position at the hearing. Defendant's motion, his memorandum, and his arguments at the hearing reasonably put the state on notice that he was complaining about the validity of his stop, not just the officer's stop of Kreger.

In response to the issue raised in defendant's motion, the state could have argued that its suspicions that Kreger was a prostitute justified its later stop of defendant, her suspected customer. It appears to have taken that position below but has declined to pursue it on appeal. Alternatively, the state could have argued below that, even if any suspicions the officer may have had about Kreger dissipated before he approached defendant, the officer's contact with defendant did not rise to the level of a stop and thus was not unconstitutional. The burden of proof, however, was on the state to introduce evidence concerning the nature of the officer's contact with defendant, *cf. State v. Wright,* 112 Or App 567, 570, 829 P2d 93, *aff'd,* 315 Or 124, 843 P2d 436 (1992), and the state did not meet that burden. Having had fair notice that defendant was challenging the validity of his stop, the state cannot seek a remand to introduce evidence on that issue. We accordingly reverse the trial court's judgment and remand for a new trial without the evidence that the state obtained as a result of the officer's stop of defendant.

Reversed and remanded for a new trial.