Submitted December 15, 2014, affirmed June 2, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN FRANK McRAE,
*Defendant-Appellant.*

Multnomah County Circuit Court
121154082; A153992

351 P3d 797

Peter Gartlan, Chief Defender, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Haselton, Chief Judge, and Flynn, Judge.*

FLYNN, J.

---
\* Haselton, P. J., *vice* De Muniz, S. J.

**FLYNN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. Prior to trial, defendant moved to suppress the evidence of intoxication, arguing that the evidence was obtained during an unlawful traffic stop, and the trial court denied the motion. During the suppression hearing, the trial court refused to allow into evidence a Final Order Dismissing Suspension for Refusing a Breath Test that was issued by the Driver and Motor Vehicle Services Division (DMV), which contains findings regarding the circumstances of the stop at issue in the motion to suppress. On appeal, defendant assigns error to the exclusion of that DMV order, emphasizing that the rules of evidence do not apply to preliminary hearings and that the administrative order was probative of the credibility of one of the arresting officers. We conclude that the trial court erred in refusing to admit the DMV order, but we also conclude that the error was harmless. Accordingly, we affirm.

Officers Ginnow and Fender arrested defendant for DUII based on observations they made after stopping defendant for speeding. Following the arrest, defendant refused to submit to a breath test, and the DMV held a hearing to determine if his driver's license should be suspended for that refusal.[1] Because the breath test request flowed from the officer's observations during the traffic stop, one of the issues at the suspension hearing was the validity of the stop. The excluded DMV order reflects findings by the administrative law judge (ALJ) that the seven-block stretch of road along which defendant was allegedly speeding "has at least four large speed bumps" and that Ginnow's testimony that defendant was traveling at least 60 miles per hour was "implausible."[2] In explaining that credibility assessment, the administrative order recites, "In this matter, Officer Ginnow testified that there were no speed bumps between

---

[1] ORS 813.100 provides that drivers in Oregon are "deemed to have given consent" to a breath test upon an arrest for DUII and that a driver's driving privileges are subject to suspension if the driver refuses consent or has a blood alcohol level that constitutes being under the influence.

[2] We granted defendant's motion to add the DMV order to the appellate record as an "offer of proof only."

79th and 72nd Avenue on Crystal Springs where he followed Petitioner. He then later testified he did not recall any speed bumps."

At the hearing on defendant's motion to suppress, Fender testified that the road stretch contained speed bumps, and Ginnow again testified that defendant's speed was at least 60 miles per hour. Defense counsel sought to admit a copy of the ALJ's order, arguing that it was relevant because "it contains statements that Officer Ginnow made." The trial court disagreed, explaining, "I don't believe the opinion of an administrative law judge has any relevance to the fact finding and decision-making I have to make here[.]" That is the ruling to which defendant assigns error, renewing his argument that the DMV order was relevant for impeachment because it "contained statements that Ginnow made during the DMV hearing which contradicted his testimony at the suppression hearing."

Defendant first emphasizes—correctly—that the rules of evidence do not apply in suppression hearings. OEC 104(1) provides:

"Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege or the admissibility of evidence shall be determined by the court ***. In making its determination the court is not bound by the rules of evidence except those with respect to privileges."

That exception is echoed by OEC 101(4)(a), which specifies that the evidence code (apart from the rules governing privileges) does not apply to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under [OEC 104]."[3] A hearing on a motion to suppress evidence in a criminal case is a hearing involving a preliminary question concerning evidence within the meaning of OEC 101(4)(a) and OEC 104(1)

---

[3] OEC 101(4) provides, in pertinent part:

"[OEC 100 to 412] and [OEC 601 to 1008] do not apply in the following situations:

"(a) The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under [OEC 104]."

The privilege rules are set out at OEC 503 to 514.

and is not governed by the rules of evidence. *State v. Wright*, 315 Or 124, 129, 843 P2d 436 (1992).

In excluding the DMV order, the trial court described the "opinion" of the ALJ as not relevant to the "fact finding and decision-making" task of the trial court at the suppression hearing. To the extent the trial court meant that the ALJ's "opinion" regarding credibility and probable cause had no bearing on how the trial court decided those issues, defendant does not disagree.[4] But defendant sought to admit the order because it describes prior statements that Ginnow made regarding pertinent facts. Although the trial court would have been free to give that evidence little or even no weight in assessing Ginnow's credibility, the court should have admitted and considered the offered evidence at the suppression hearing and then determined what weight to afford it.

The state argues, however, that the error in this case was harmless, and we agree. In *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003), the Supreme Court explained that a defendant's conviction must be affirmed, despite the error, if there is "little likelihood" that the error affected the verdict.[5] The court in *Davis* concluded that the erroneous exclusion of evidence required reversal of the judgment because the excluded evidence was "qualitatively different than" and not "merely cumulative of" other, admitted evidence. *Id.* at 34. Applying that standard, we have held that the exclusion of evidence was "unlikely to have affected the verdict" when the excluded evidence was not "different in nature" from admitted evidence. *State v. Klein*, 243 Or App 1, 15, 258 P3d 528 (2011), *aff'd*, 352 Or 302, 283 P3d 350 (2012).

---

[4] Defendant emphasized below that he was not suggesting the trial court was "collaterally estopped" from deciding the issue anew.

[5] *Davis* interpreted Article VII (Amended), section 3, of the Oregon Constitution, which provides, in part:

"If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]"

ORS 138.230 similarly provides that, in criminal cases, "After hearing the appeal, the court shall give judgment, without regard to * * * defects or exceptions which do not affect the substantial rights of the parties."

Here, too, the DMV order was not "different in nature" from admitted evidence. According to defendant, the significance of the DMV order was that it "contained statements that Ginnow made during the DMV hearing which contradicted his testimony at the suppression hearing[,]" and identified the contradictory statements as Ginnow's testimony during the DMV hearing about the absence of speed bumps on Crystal Springs Road.

However, defendant introduced the same evidence through Ginnow's admissions during cross-examination at the suppression hearing:

"[DEFENSE COUNSEL: At the license suspension hearing], you testified that there were no speed bumps between 79th and Crystal Springs and 72nd and Crystal Springs, correct?

"[GINNOW]: I didn't recall at that time, yes. I'm not sure of my exact testimony. I'm sure you have it. But no, I did not remember there were speed bumps.

"[DEFENSE COUNSEL]: Okay. Well, did you tell the administrative law judge at first that there were no speed bumps and then—well, actually, you couldn't remember?

"[GINNOW]: I don't recall.

"[DEFENSE COUNSEL]: Did you receive a copy of the order from the administrative law judge?

"[GINNOW]: I did. I did.

"[DEFENSE COUNSEL]: Okay. And you had an opportunity to read through that. ***.

"[GINNOW]: Yes.

"[DEFENSE COUNSEL]: And you'd agree that that was the finding of the administrative law judge.

"[GINNOW]: Do I agree with the finding or do I agree that was the finding?

"[DEFENSE COUNSEL]: Do you agree that was the finding?

"[GINNOW]: Yes, ma'am.

"[DEFENSE COUNSEL]: That you had said—

"[GINNOW]: Yes, ma'am."

Given defense counsel's cross-examination of Ginnow, the trial court was aware of what the DMV order said about Ginnow's inconsistent prior statements. The actual DMV order would not have provided "qualitatively different" evidence on that point, and defendant does not identify any other reason why the trial court should have considered the DMV order. The court's error in refusing to admit the DMV order is not a basis for reversal.

Affirmed.